**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

OUTOTEC (USA) INC., a Delaware
Corporation

        Plaintiff,

v.                                          Case No. 3:19-cv-1427-J-34PDB

NOBLEMEIR, INC., a Florida Corporation,
PHYSEP COMPONENTS AND SERVICE, INC.,
a Florida corporation, and JAMES C.
DOMENICO, an individual,

        Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion for Preliminary Injunction and Memorandum of Law in Support (Doc. 5; Motion) filed on December 12, 2019. Simultaneously with the Motion, Plaintiff filed a Complaint for Monetary Relief, Injunctive Relief, and Replevin (Doc. 1; Complaint). Upon review of the Motion, the Court directed Plaintiff to file a supplement to bring the Motion into full compliance with the Local Rules of this Court. See Order (Doc. 18), entered December 13, 2019. In accordance with the Court's Order, on December 20, 2019, Plaintiff filed Plaintiff's Supplemental Memorandum on the Amount of Security Which Must be Posted Under Rule 65(c) in Support of its Motion for Preliminary Injunction (Doc. 21) and a Notice of Filing Proposed Order (Doc. 22). In addition, Plaintiff filed executed Return of Service forms indicating that it effected service of process on Defendants Physep Components and Service, Inc. and Noblemeir, Inc. on December 16, 2019. See Return of Service (Docs. 23-24). On December 23, 2019,

Plaintiff filed a notice indicating that counsel for Defendant James C. Domenico accepted service of process on Domenico's behalf on December 17, 2019. See Plaintiff's Notice of Filing Acceptance of Service of Process (Doc. 26). As such, the record reflects that all Defendants have now received notice of this action.

With its additional filings, it appears that Plaintiff has generally complied with the procedural requirements of Rule 65, Federal Rules of Civil Procedure (Rule(s)), and Local Rule 4.06, United States District Court, Middle District of Florida (Local Rule(s)), which govern the procedure for seeking a preliminary injunction.[1] Upon consideration of the Motion and the record, the undersigned finds that an expedited briefing schedule and hearing are necessary. Accordingly, it is

**ORDERED**:

1. This matter is set for a **HEARING** on Plaintiff's Motion for Preliminary Injunction and Memorandum of Law in Support (Doc. 5) on **Thursday, January 9, 2020**, at **2:00 p.m.**, before the undersigned at the Bryan Simpson United States Courthouse, 300 North Hogan Street, Jacksonville, Florida, 32202, in Courtroom 10B. Counsel for Plaintiff and Defendants shall appear in person and telephonic appearances will not be permitted.[2]

---

[1] The Court notes that Plaintiff's Complaint, Motion, and two of the supporting declarations refer to exhibits that Plaintiff has not filed in the Court record. See Complaint, Exs. A-B; Motion, Exs. A-B; Declaration of Peter Jansson (Doc. 11), Exs. A-B; Declaration of Ian Sherrell (Doc. 13), Ex. A. To the extent Plaintiff intends to file these exhibits under seal, Plaintiff must promptly file a motion to seal pursuant to Local Rule 1.09.

In addition, Plaintiff is reminded that "[a]ll parties must send courtesy copies to chambers of all filings that exceed 25 pages, inclusive of exhibits, regardless of whether the filing is done electronically or in paper." See Important Information About Your Case (Doc. 19), filed on December 13, 2019. Plaintiff's Motion, in combination with the supporting Declarations and supplemental filings (Docs. 5-13, 21-22), well exceeds twenty-five pages such that Plaintiff must provide chambers with a courtesy copy of these filings.

[2] All persons entering the Courthouse must present photo identification to Court Security Officers. Although cell phones, laptop computers, and similar electronic devices generally are not permitted in the building, attorneys may bring those items with them upon presentation to Court Security Officers of a Florida

2. The hearing will be conducted in accordance with Local Rule 4.06, and Rule 65. The case does not appear to involve the exceptional situation wherein the Court will allow the parties to submit evidence at the hearing. See Local Rule 4.06(b). Thus, the hearing will be limited to the written submissions and arguments of counsel.

3. The following expedited briefing schedule shall govern this case:

    a. Defendants shall have up to and including **Monday, December 30, 2019**, to file a memorandum in opposition to Plaintiff's Motion for Preliminary Injunction and Memorandum of Law in Support (Doc. 5), including any affidavits or declarations on which they rely.

    b. Plaintiff shall have up to and including **Friday, January 3, 2020**, to file a reply, if necessary, in support of their motion for preliminary injunction, which shall not exceed **TEN (10) PAGES** in length.

4. Plaintiff shall promptly serve a copy of this Order on Defendants, and file a notice advising the Court when it has done so.

**DONE AND ORDERED** in Jacksonville, Florida, this 23rd day of December, 2019.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

---

Bar card (presentation of the Duval County Courthouse lawyer identification card will suffice) or Order of special admission pro hac vice. However, all cell phones must be turned off while in the courtroom.